**STATE of Maine**

v.

**Robert Francis LOISEL.**

Supreme Judicial Court of Maine.

Sept. 9, 1977.

**468**

Joseph M. Jabar, Dist. Atty., David W. Crook, Asst. Dist. Atty., Skowhegan, for plaintiff.

Eames & Sterns by Richard S. Sterns, Skowhegan, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

WERNICK, Justice.

An indictment returned by the Somerset County Grand Jury on December 19, 1975 charged that on November 24, 1975 defendant Robert F. Loisel committed the crime of Inducing a Female Person to Become a Prostitute (17 M.R.S.A. § 3055). Defendant pleaded "not guilty", and the case went to trial, jury-waived, on June 11, 1976. The Justice presiding found defendant guilty, as charged, and defendant has appealed from the judgment of conviction.

The appeal is denied.

The pertinent facts which the presiding Justice was entitled to find are the following. The female, a sixteen year old girl, was living with her mother in Connecticut. They had a "falling out", and the daughter telephoned her father, the defendant, who had been living apart from the mother and whom the daughter had not seen for approximately nine years. Responding to the call, defendant went to Connecticut on November 15, 1975 and brought his daughter back to Maine. One Danny Richardson returned with them, and the three took up residence in an apartment in Fairfield, Maine.

On the trip back to Maine defendant had his daughter drink a large quantity of intoxicating liquor, spoke to her about prior sexual contact between them (when the daughter was seven years of age), initiated present sexual contact with her and broached the subject of her engaging in sexual activity, for money, with other men.

On or about November 16, the daughter did perform sexual acts (not intercourse) with a person other than defendant, for which defendant was paid ten dollars.

When Danny Richardson reported what was going on to the local police, they responded by sending in an undercover officer, Gerald Nichols. On November 24, Nichols negotiated an arrangement with defendant under which for forty dollars and a bottle of liquor Nichols could engage in whatever sexual activity he might desire with defendant's daughter. The daughter and Nichols then went into a bedroom where she started to disrobe. Nichols immediately left and arrested defendant.

There is no merit in the first of defendant's two points on appeal that the conviction must be reversed because the presiding Justice admitted in evidence the testimony concerning defendant's mention to his daughter of his previous sexual contact with her. The evidence was plainly relevant as bearing on an aspect of the crime, the persuasion. For this reason, too, it would not affect admissibility that the events discussed may have occurred nine, or more, years earlier; it was the mention of the existence of sexual activity between defendant and his daughter, not the time of its occurrence, which was the material consideration bearing on the factor of persuasion.

The other point raised by defendant on appeal is that the presiding Justice unduly restricted his opportunity to investigate on cross-examination the full extent of the daughter's prior sexual activities with persons other than defendant. The presiding Justice—who, here, was also the factfinder—had been provided a stipulation that the daughter had engaged in such prior sexual activity. Further, the presiding Justice allowed full inquiry concerning whether the daughter's prior sexual activity had been for hire, the evidence produced in this respect being negative.[1] Thus, cross-examination about sexual activity of the daughter, not for hire, especially since the matter had been covered by a stipulation, was collateral, and the presiding Justice acted with proper discretion in excluding it.

The entry is:

*Appeal denied.*

All Justices concurring.

---

1. This inquiry could be thought proper as bearing upon a possible "defense" that a female who is already a prostitute is not "induced" when she continues to act as a prostitute.